IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION 09-0489-WS-B<br>) |
| WIREGRASS CONSTRUCTION CO., | )<br>) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to strike jury demand. (Doc. 47). The defendant has filed a response and the plaintiff a reply, (Docs. 55, 60), and the motion is ripe for resolution.

The plaintiff "files this Complaint, in admiralty and under maritime law, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure." (Doc. 1 at 1). Its amended complaint begins with the same language. (Doc. 6 at 1). After its motion to dismiss was denied, the defendant filed an answer demanding trial by jury on the plaintiff's claims. (Doc. 45 at 1, 16).

There is no right to trial by jury in admiralty. *E.g., Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996).[1] However, "a jury trial, … although not generally available in admiralty, can be had if there is also a basis for diversity jurisdiction." *Harville v. Johns-Manville Products Corp.*, 731 F.2d 775, 779 (11th Cir.

---

[1] *Accord Penton v. Pompano Construction Co.*, 976 F.2d 636, 638 n.2 (11th Cir. 1992); *Harville v. Johns-Manville Products Corp.*, 731 F.2d 775, 779 (11th Cir. 1984); *Russell v. Atlantic & Gulf Stevedores*, 625 F.2d 71, 72 (5th Cir. 1980); *William P. Brooks Construction Co. v. Guthrie*, 614 F.2d 509, 511 (5th Cir. 1980).

1984). There is a basis for diversity jurisdiction here, as the parties are not citizens of the same state and the amount in controversy exceeds $75,000. The right to jury trial when both these potential bases of jurisdiction exist is made by reference to Rule 9(h).

"If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 …." Fed. R. Civ. P. 9(h)(1). Rule 38(e) provides that "[t]hese rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." By virtue of these rules, a plaintiff with a claim that could be brought either in admiralty or in diversity has the choice which to deem the action, and that choice governs whether the action will be tried to a jury.

"Fed.R.Civ.P. 9(h) serves only as a device by which the pleader may claim the special benefits of admiralty procedures and remedies, including a nonjury trial, when the pleadings show that both admiralty and some other basis of federal jurisdiction exist." *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir. 1975). "*Romero* demonstrates that by electing to proceed under 9(h) rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist." *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968, 986 (5th Cir. 1978). "[T]he election [is] given to the plaintiff under Rule 9(h)." *Id.* at 987. *Harrison* has been affirmed and applied as recently as last year. *St. Paul Fire & Casualty Insurance Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1186-89 (11th Cir. 2009).

The defendant cannot and does not suggest that these cases are not the law of this Circuit. Nor can it deny that the plaintiff's election was effective, since the complaint expressly designated the claim as in admiralty and expressly invoked Rule 9(h).

Instead, the defendant suggests that, by previously pursuing a federal declaratory judgment action against its insured under diversity jurisdiction, without also suing the defendant (the employer of the individual who allegedly caused the loss), the plaintiff waived its right to bench trial in this action or is judicially estopped to interfere with the

defendant's right to a jury trial. The defendant concedes it has been unable to discover any authority that a plaintiff's right to select admiralty jurisdiction and a bench trial under Rule 9(h) can be undone on such grounds. (Doc. 55 at 5 n.3). Nor has it made even a colorable showing of either waiver or judicial estoppel.

For the reasons set forth above, the plaintiff's motion to strike jury demand is **granted**. The defendant's jury demand is **stricken**.

DONE and ORDERED this 23rd day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE