IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 09-0489-WS-B |
| WIREGRASS CONSTRUCTION CO., | ) ) ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on the plaintiff's motion for leave to file sur-reply, (Doc. 71), and on its supplemental motion for leave to file sur-reply. (Doc. 73). The defendant has responded to both motions, (Docs. 72, 75), which are ripe for resolution.

As set forth in more detail elsewhere, the plaintiff ("New Hampshire") issued to Blue Water Offshore, LLC ("Blue Water") a policy of insurance on the Tar Baby. While being captained by James Cooper, an employee of the defendant ("Wiregrass"), the Tar Baby ran aground and was heavily damaged. New Hampshire brought a declaratory judgment action against Blue Water, as a result of which Blue Water received a judgment of $1.75 million under the policy.

New Hampshire brought this action against Wiregrass, asserting that it is subrogated to the interest of Blue Water. Count I seeks recovery from Wiregrass, as Cooper's employer, based on Cooper's fault. Count II seeks recovery from Wiregrass based on its own fault in entrusting the Tar Baby to Cooper. Count III seeks recovery from Wiregrass based on its fault in hiring, training, supervising, managing and/or instructing Cooper. (Doc. 6 at 3-6).

Wiregrass has now filed a motion for partial summary judgment directed to Count I. (Doc. 64). Its supporting memorandum argues that New Hampshire cannot assert a

right of subrogation against Cooper because Cooper is an insured under the policy. Cooper is an insured, Wiregrass argues, because he was a "captain or crew who work on your yacht" within the policy language. (Doc. 65 at 1-3). Wiregrass further argues that New Hampshire cannot be vicariously liable for Cooper's fault under Count I because vicarious liability cannot apply when the employee is not liable. (*Id*. at 3-5).

In its response, New Hampshire first argues that Wiregrass' motion is premature under Rule 56(f). (Doc. 68 at 6).[1] New Hampshire next questions whether Wiregrass' cases actually establish a rule precluding subrogation against an insured. (*Id*.). New Hampshire then argues that the policy language on which Wiregrass relies does not constitute Cooper an insured. (*Id*. at 7-8). New Hampshire next argues that the policy excludes coverage for the subject loss on the grounds that the vessel was not being used for "private pleasure purposes" only. (*Id*. at 8-10). Finally, New Hampshire argues that the law cited by Wiregrass does not preclude its vicarious liability even if Cooper was covered under the policy. (*Id*. at 10-15).

In its reply brief, Wiregrass argues that New Hampshire has not shown itself to be entitled to relief under Rule 56(f). (Doc. 70 at 2-5). Wiregrass next argues that New Hampshire is judicially estopped to deny that Cooper is an insured because of statements it made in the declaratory judgment action. (*Id*. at 6-7). Wiregrass also provides additional argument concerning its "captain or crew" argument, including a rebuttal of New Hampshire's interpretation. (*Id*. at 5, 8). Wiregrass then responds to New Hampshire's "private pleasure purposes" argument. (*Id*. at 9-11). Finally, Wiregrass defends its use of authorities for the proposition that Wiregrass cannot be vicariously liable if Cooper is not liable and challenges the authorities and argument on which New Hampshire relies to contest Wiregrass' position. (*Id*. at 12-14).

---

[1] Shortly before New Hampshire filed its response, Rule 56(f) was modified and renumbered as Rule 56(d).

By its pending motions, New Hampshire seeks leave to: (1) address judicial estoppel; (2) further support its Rule 56(f) argument; (3) demonstrate that the anti-subrogation rule does not apply when there is an exclusion from coverage; and (4) introduce evidence from Wiregrass' 30(b)(6) deposition.

There is no question but that Wiregrass first asserted judicial estoppel in its reply brief. District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.[2] Wiregrass asserts it did not violate this rule but merely responded to New Hampshire's position that Cooper is not an insured. (Doc. 72 at 4). But New Hampshire was merely responding to Wiregrass' contention that Cooper *is* an insured. As the movant, Wiregrass was required to address in its principal brief all the reasons it claims Cooper is an insured; it was not at liberty to articulate one such reason (its interpretation of policy language) in its principal brief and then raise a second such reason (New Hampshire has admitted Cooper is an insured) in its reply. Judicial estoppel was improperly raised on reply, and the argument will not be considered in resolving the motion for partial summary judgment. There is thus no need for a sur-reply to address judicial estoppel.[3]

---

[2] *See Park City Water Authority v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

The Court has identified some of the reasons supporting the rule. "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008).

[3] This is not the first time that Wiregrass has inserted a new argument on reply. (Doc. 35 at 4, 7). Although it could respond to this practice by allowing a sur-reply, (*id.* at 7 n.4), the
(Continued)

[3]

Relief under Rule 56(f) is defensive, and Wiregrass was not required to anticipate the argument in its principal brief. The burden was on New Hampshire to raise and support its request for such relief in its responsive brief, and Wiregrass was entitled to challenge New Hampshire's position in its reply brief. That New Hampshire disagrees with Wiregrass' position does not provide grounds to offer tardy support for its argument that it omitted from its response.

The same can be said of New Hampshire's discussion of the "private pleasure purposes" exclusion to coverage. Wiregrass was not required to address this argument before it was raised, and New Hampshire was required to address it thoroughly in its response, knowing that Wiregrass, as the movant, would have the last word in its reply. New Hampshire in its response nevertheless cited no law for the proposition that an exclusion from coverage precludes application of the anti-subrogation rule. Indeed, it did not even articulate this as the point of its discussion of the exclusion. New Hampshire now "requests an opportunity to respond and show that applicable law provides that the antisubrogation rule does not apply where … exclusions render coverage inapplicable." (Doc. 73 at 2-3). It is too late now for New Hampshire to make the argument and provide the authority it should have submitted in its response.

The motion for partial summary judgment was taken under submission on December 21. (Doc. 66 at 1). The 30(b)(6) deposition was not taken until January 5, 2011, and it is too late to submit excerpts from the deposition or argument concerning them. Any such relief will depend on the success of New Hampshire's Rule 56(f) argument.

"It is of course necessary in an adversarial process that one party have the final word, and in our system it is normally the party with the burden – the plaintiff in a civil

---

Court concludes that this would provide Wiregrass insufficient future incentive to raise its arguments in a timely manner.

trial, the government in a criminal trial, the movant on most motions – that receives whatever benefit that division bestows." *Jackson v. Winn-Dixie, Inc.*, 2008 WL 5401641 at *1 n.1 (S.D. Ala. 2008). "[T]he very purpose of a briefing schedule is to force the parties to isolate, articulate, and support their positions, which would be undone altogether could a party file an additional brief any time it had an additional thought on the matter." *Id*. at *1. Thus, "the filing of sur-replies is discouraged because of the inefficiencies inherent in an interminable thrust-and-parry debate between the parties …." *Wood v. B.C. Daniels, Inc.*, 2008 WL 2163921 at *1 n.1 (S.D. Ala. 2008). New Hampshire has not shown its situation to demand an exception to this rule.

For the reasons set forth above, New Hampshire's motion and supplemental motion to file sur-reply are **denied**. The motion for partial summary judgment remains under submission.

DONE and ORDERED this 20th day of January, 2011.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE